This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41674**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellant,

v.

**JESSE J. WAR a/k/a**
**JESSIE J. WAR a/k/a**
**JESSE WAR,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Douglas W. Decker, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Solicitor General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}**    This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this

case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** The State appeals an order granting Defendant's motion in limine to exclude cell phone video footage of a portion of the altercation that forms the basis for the charges against Defendant. [BIC 6-11] The State provided the video footage to Defendant at approximately 3:00 p.m. on the day before the start of the jury trial. [RP 78, ¶ 2] The State appeals pursuant to NMSA 1978, Section 39-3-3 (B)(2) (1972) (permitting appeals from the exclusion of evidence that "is a substantial proof of fact material in the proceeding").

**{3}** "We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize [the ruling] as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted). "In reviewing the district court's decision, this Court views the evidence—and all inferences to be drawn from the evidence—in the light most favorable to the district court's decision." *State v. Le Meir*, 2017-NMSC-017, ¶ 22, 394 P.3d 959.

**{4}** "Where discovery violations inject needless delay into the proceedings, courts may impose meaningful sanctions to effectuate their inherent power and promote efficient judicial administration." *Id.* ¶ 19. In deciding whether exclusion of evidence is appropriate, district courts must consider the following factors: "(1) the culpability of the offending party, (2) the prejudice to the adversely affected party, and (3) the availability of lesser sanctions." *Id.* ¶ 15 (citing *State v. Harper*, 2011-NMSC-044, ¶ 15, 150 N.M. 745, 266 P.3d 25). "[District c]ourts must evaluate the considerations identified in *Harper*—culpability, prejudice, and lesser sanctions[,]" however, "it is not the case that . . . exclusion is justified only if all of the *Harper* considerations weigh in favor of exclusion." *Id.* ¶ 20. As our Supreme Court observed, "[w]hether it is proper to exclude a witness is not a simple choice easily resolved by reference to some basic judicial arithmetic. The question requires our [district] courts to navigate an array of concerns and to exercise their discretionary power with practical wisdom and due care." *Id.*

**{5}** In its order excluding the recording, the district court noted that its decision was based on its consideration of the parties' arguments, as well as Rule 11-102 NMRA (explaining that that our Rules of Evidence "should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination"). [RP 78, ¶ 4] In its oral ruling, the district court also noted the length of time between the initiation of the case in August 2022 and the jury trial in December 2023, as well as the expenses that would be associated with a continuance and the availability of the timely disclosed lapel camera footage that would be otherwise admissible. The parties noted that the State had only obtained the footage the previous

day, but also that the video was referenced in the police report, as well as during testimony at the preliminary hearing, both of which had transpired nearly seventeen months before the State's disclosure. The parties further discussed the State's request for a continuance, as well as two out-of-state defense witnesses, their travel-related expenses, and defense counsel's concerns that those witnesses might not return to New Mexico if the trial was continued to another date. The State concluded with another request for a continuance to allow time for defense counsel to review the video.

{6}     The State contends on appeal that the district court erred in its exclusion of the cell phone video footage because it failed to sufficiently consider two of the three *Harper* factors that relate to the culpability of the State and the availability of a lesser sanction. [BIC PDF 4, 7-8] The record does not support this contention.

{7}     We note that, in orally announcing its decision, the district court directly referenced the lengthy time period between the initiation of the case and the jury trial— nearly a year and a half during which the State was aware of the existence of the video recording and could have obtained and provided it to defense counsel in order to avoid exclusion of the evidence on the first day of trial. With regard to the availability of lesser sanctions, the only sanction proposed by either party was exclusion of the video, and the only remedy proposed by the State—a continuance—risked significant additional prejudice to Defendant by depriving him of witnesses in his defense. Further, the district court considered the impact of exclusion of the recording on the State's case in light of the available lapel camera footage in both its ruling from the bench as well as in the written order. [RP 78, ¶ 3] Thus, we find the record does not support the State's assertion that "[t]he [district] court abused its discretion in failing to address the undisputed lack of culpability by the State as part of its analysis" or that "[t]he district court did not sufficiently explore the availability of lesser sanctions or remedies before proceeding to the remedy of outright exclusion." [BIC 7, 10] *See Le Meir*, 2017-NMSC-017, ¶ 22 ("In reviewing the district court's decision, this Court views the evidence—and all inferences to be drawn from the evidence—in the light most favorable to the district court's decision.").

{8}     The State also contends that "Defendant failed to demonstrate tangible prejudice in this matter that might have otherwise supported the district court's decision to exclude the video." [BIC PDF 7-9] Specifically, the State suggests that Defendant suffered no prejudice as a result of the State's disclosure of the video recording the day before trial because the police report and preliminary hearing noted the existence of the recording more than a year before the trial. [BIC PDF 11-12] We disagree. "When a court orders a party to provide discovery within a given time frame, failure to comply with that order causes prejudice both to the opposing party and to the court." *Le Mier*, 2017-NMSC-017, ¶ 25. "Thus, under *Le Mier*, every discovery order violation gives rise to some degree of prejudice." *State v. Lewis*, 2018-NMCA-019, ¶ 14, 413 P.3d 484. Further, "[t]he potential for prejudice is manifest when, for example, material evidence is withheld altogether, or where the [s]tate withholds evidence until the eleventh hour and then springs it on the defendant." *Harper*, 2011-NMSC-044, ¶ 20 (citation omitted).

**{9}** For these reasons, we conclude that the district court did not abuse its discretion and affirm its order granting Defendant's motion to exclude the cell phone video footage as a result of the State's late disclosure. *See Le Mier*, 2017-NMSC-017, ¶ 22 (concluding that "[t]rial courts possess broad discretionary authority to decide what sanction to impose when a discovery order is violated.").

**{10}  IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**KATHERINE A. WRAY, Judge**